IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DALE ANTHONY SHOOP,

        Plaintiff,

v.                                      Civil Action No. 5:08CV188
                                                         (STAMP)
GREGORY JENKINS, JESSE JARVIS,
JOSHUA BROWN, MR. RUDLOFF,
CHAD AND PRIME CARE MEDICAL,

        Defendants.


                 **MEMORANDUM OPINION AND ORDER
                 AFFIRMING AND ADOPTING REPORT AND
                 RECOMMENDATION OF MAGISTRATE JUDGE**

                     I.  Procedural History

    The pro se[1] plaintiff, Dale Anthony Shoop, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that several constitutional violations occurred when he was assaulted by other inmates, denied expeditious medical care, and forced to sleep on the floor in a one-man prison cell. The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed in part as to certain defendants, and that the plaintiff's civil action proceed as against other defendants. The

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section I of Magistrate Judge Joel's report and recommendation. An abbreviated review of the relevant facts follows below.

In his complaint, the plaintiff alleges that three other inmates, including Jesse Jarvis (defendant "Jarvis") and Gregory Jenkins (defendant "Jenkins"), assaulted him.[2] After this assault, the plaintiff "got on the call box" and contacted Correction Officer Joshua Brown (defendant "Brown"), informing him that he was in severe pain and bleeding from the head, to which defendant Brown advised the plaintiff that he was sending guards to the plaintiff's cell. When no guards arrived, the plaintiff "got back on the call box" and spoke with defendant Brown. Defendant Brown told the plaintiff that the guards were on the way. Between twenty and

---

[2]Battery charges were filed against defendants Jarvis and Jenkins, to which they both pleaded guilty and received sentences of time served.

thirty minutes later, Correction Officer Welker ("Officer Welker") responded to the plaintiff's cell. The plaintiff inquired what took him so long to respond, and Officer Welker claimed that he responded as soon as defendant Brown reported the need for assistance. Officer Welker then escorted the plaintiff to the medical unit.

Once in the medical unit, nurses discovered what appeared to be stab or puncture wounds behind the plaintiff's left ear. The plaintiff was transported to the city hospital, where he was examined by a doctor. The doctor determined that the plaintiff had a crack in the lower right side of his back. Thus, the plaintiff was advised that upon his return to jail, he should stay in the medical department for observation and that he should be kept on a bunk.

Thereafter, upon returning to jail, the plaintiff was taken to the medical department and assigned a medical cell. The cell, however, was a one-man cell, and the plaintiff was told to sleep on the floor. Although the plaintiff complained to Chad, the Prime Care Medical Director (defendant "Chad"), the plaintiff was told that nothing could be done because the jail was overcrowded. As a result of these incidents, the plaintiff asserts that his constitutional rights were violated.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's

recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

### A. Defendants Jarvis, Jenkins, and Prime Care Medical

Title 42, United States Code, Section 1983 provides redress for state action which deprives a citizen of a right, privilege or immunity ensured by the Constitution or law of the United States. See 42 U.S.C. § 1983. In his report and recommendation, the magistrate judge recommended that defendant Jarvis and defendant Jenkins be dismissed because neither was a state actor when they assaulted the plaintiff. Particularly, neither defendant Jarvis nor defendant Jenkins was working as employees of the state, or an agency of the state, at the time of the alleged assault. Indeed, defendants Jarvis and Jenkins were inmates at the jail where the plaintiff was housed. Accordingly, the magistrate judge's recommendation to dismiss defendants Jarvis and Jenkins with prejudice is not clearly erroneous.

Furthermore, this Court finds no clear error in the magistrate judge's recommendation that the plaintiff's complaint as to Prime

Care Medical should be dismissed with prejudice. Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. Prime Care Medical does not constitute a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under §1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Therefore, this Court must affirm the magistrate judge's conclusion that Prime Care Medical is not a proper party to this action.

B.  Defendant Rudloff

The magistrate judge, in his report and recommendation, recommended that defendant Rudloff be dismissed from this case because the plaintiff fails to state a claim for which relief can be granted against this defendant. The magistrate judge correctly noted that there is no respondeat superior liability pursuant to 42 U.S.C. § 1983. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 658 (1978). Rather, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," Vinnedge

v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982), abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendant Rudloff was personally involved in any alleged deprivation of the plaintiff's constitutional rights. Further, the plaintiff does not make any allegations that reveal the presence of the required elements of supervisory liability. Thus, the magistrate judge

found that the plaintiff fails to state a claim against defendant Rudloff in his personal capacity.[3]

To the extent that the plaintiff alleges that defendant Rudloff is liable in his official capacity, the magistrate judge also determined that the plaintiff fails to state a claim in that respect. An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id.

This Court finds no clear error in the magistrate judge's determination. The plaintiff fails to assert that an official policy or custom played a role in the alleged violation of his constitutional rights. Accordingly, because the plaintiff fails to state a claim upon which relief can be granted as to defendant Rudloff, the plaintiff's claim against this defendant, in his personal and official capacity, must be dismissed with prejudice.

---

[3]Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is especially true under § 1983 where liability is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

C.   Defendants Brown and Chad

The plaintiff asserts that defendants Brown and Chad violated his constitutional rights by failing to respond expeditiously to the plaintiff's claim for medical assistance and ordering the plaintiff to sleep on the floor in direct contradiction to the instructions of the hospital doctor, respectively.

A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v.

Seiter, 501 U.S. 294, 298 (1991).  This second subjective component is satisfied when the prison official acts with deliberate indifference.  Id. at 303.  In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Joel recommended that upon due consideration of the claims alleged in the complaint, the plaintiff's claims against defendant Brown and defendant Chad should not be summarily dismissed, but that these defendants should be made to answer the complaint.  This Court finds no clear error in the magistrate judge's recommendation.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the plaintiff's § 1983 claims against defendants Jarvis, Jenkins, Rudloff, and Prime Care Medical are DISMISSED WITH PREJUDICE.  The plaintiff's claims against defendants Brown and Chad shall PROCEED, and those defendants shall be SERVED with a

copy of a twenty (20) day summons and the complaint through the United States Marshal Service.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: April 1, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE