IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DALE ANTHONY SHOOP,

        Plaintiff,

v.                                          Civil Action No. 5:08CV188
                                                               (STAMP)
GREGORY JENKINS, JESSE JARVIS,
JOSHUA BROWN, MR. RUDLOFF,
CHAD and PRIME CARE MEDICAL,

        Defendants.


                    **MEMORANDUM OPINION AND ORDER**
                   **AFFIRMING AND ADOPTING REPORT AND**
                   **RECOMMENDATION OF MAGISTRATE JUDGE**

                        I.  Procedural History

    The pro se[1] plaintiff, Dale Anthony Shoop, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that several constitutional violations occurred when he was assaulted by other inmates, denied expeditious medical care, and forced to sleep on the floor in a one-man prison cell.

    The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. § 1915(e) and 1915A.  On March 31, 2009, the magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed in part as to certain defendants, and that the plaintiff's civil action proceed as

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

against other defendants. Accordingly, on April 1, 2009, this Court entered a memorandum opinion and order dismissing with prejudice the claims against defendants Gregory Jenkins, Jesse Jarvis, Mr. Rudloff, and Prime Care Medical.[2] The remaining defendants, Joshua Brown ("Brown") and Chad Hott ("Hott"), were directed to answer the complaint.

Thereafter, defendant Brown and defendant Hott each filed separate motions to dismiss, to which the plaintiff filed individual responses. Neither defendant filed a reply. On July 1, 2009, Magistrate Judge Joel entered a second report and recommendation recommending that defendant Brown's motion to dismiss be granted, and that defendant Hott's motion to dismiss be denied.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Both the plaintiff and defendant Hott filed timely objections.[3] For the

---

[2] Defendants Jarvis and Jenkins were dismissed because neither was a state actor for purposes of 42 U.S.C. § 1983 when they assaulted the plaintiff. Rather, these defendants were only inmates at the jail where the plaintiff was housed. Defendant Prime Care Medical was dismissed because it is not a "person" for purposes of 42 U.S.C. § 1983, and therefore, not a proper party to this action. Finally, defendant Rudloff was dismissed because the plaintiff failed to state a claim upon which relief can be granted as against this defendant.

[3] The plaintiff filed a document entitled "Motion to Alter or Amend Judgment," which this Court construes as objections to the magistrate judge's report and recommendation.

2

reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

In his complaint, the plaintiff alleges that three other inmates, including defendant Jarvis and defendant Jenkins, assaulted him. After this assault, the plaintiff "got on the call box" and contacted defendant Brown, a Correction Officer, informing him that he was in severe pain and bleeding from his head, to which defendant Brown advised the plaintiff that he was sending a guard to the plaintiff's cell. When no guards arrived, the plaintiff "got back on the call box" and spoke with defendant Brown. Defendant Brown told the plaintiff that the guards were on the way. Between twenty and thirty minutes later, Correction Officer Welker responded to the plaintiff's call. The plaintiff inquired what took him so long to respond, and Officer Welker allegedly claimed that he responded as soon as defendant Brown reported the need for assistance. Officer Welker then escorted the plaintiff to the medical unit.

Once in the medical unit, nurses discovered what appeared to be stab or puncture wounds behind the plaintiff's left ear. The plaintiff was transported to the city hospital, where he was examined by a doctor. The doctor determined that the plaintiff had a crack in the lower right side of his back. Thus, the plaintiff was advised that upon his return to jail, he should stay in the

medical department for observation and that he should be kept on a bunk.

Thereafter, upon returning to jail, the plaintiff was taken to the medical department and assigned a medical cell. The cell, however, was a one-man cell, and the plaintiff was allegedly told to sleep on the floor. Although the plaintiff complained to defendant Hott, the Prime Care Medical Director, the plaintiff was told that nothing could be done because the jail was overcrowded.

As a result of these incidents, the plaintiff asserts that his constitutional rights were violated. Specifically, the plaintiff claims that defendant Brown neglected to summon help immediately after being told that the plaintiff had been severely injured in an assault. Additionally, the plaintiff contends that defendant Hott violated his rights by forcing him to sleep on the floor in direct contradiction of doctor orders.

### III. Applicable Law

A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44

(quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The facts alleged must be sufficient "to raise a

right to relief about the speculative level." Twombly, 550 U.S. at 555.

B. Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because both the plaintiff and defendant Hott filed objections, this Court will review the magistrate judge's report and recommendation de novo.

IV. Discussion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . . ." Booth, 532 U.S. at 741, n.6.

The West Virginia Regional Jail and Correctional Facility Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Pursuant to this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. The Administrator may initially reject the grievance if it appears to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. The Administrator must advise the inmate if the grievance is rejected. Provided the grievance is not rejected, the Administrator will assign a staff member to investigate the complaint, who must then submit a written report to the Administrator within forty-eight hours. Within two days of receipt of the written report, the Administrator must provide a written decision to the inmate identifying the action taken, the reasons for the action, and the procedures that must be followed to properly appeal any decision. Should the Administrator's response be unfavorable, the inmate may then appeal to the Chief of Operations within five days of the receipt of the Administrator's decision.

The Chief of Operations, after receiving the appeal, must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report submitted within fifteen

days.  Within ten days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision identifying the corrective action taken or the reasons for denying the grievance.  If the response is again unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response.  The Office of the Executive Director must respond to an inmate's appeal within ten days of receiving all pertinent information, including copies of the original complaint and all responses thereto.  The inmate may move to the next stage of the grievance process if he does not receive a response at the expiration of the time limit at any stage of the process, unless notified of an extension of time for a response.  The grievance process must be concluded within sixty days, inclusive of any extensions.

A.  <u>Defendant Brown</u>

In his motion to dismiss, defendant Brown seeks dismissal of the plaintiff's complaint as against him for (1) failure to exhaust administrative remedies; and (2) Eleventh Amendment Immunity and the Will Doctrine.  The plaintiff responds that he did exhaust his administrative remedies.

The magistrate judge recommended that the claims against defendant Brown be dismissed for failure to exhaust administrative remedies.  This Court, after conducting a <u>de novo</u> review, must agree.  The plaintiff initiated the grievance procedure against defendant Brown by filing a grievance on September 4, 2007, and he

followed up on that grievance on at least two subsequent occasions. After receiving no response to the original grievance, however, the plaintiff stopped progressing through the grievance procedures. Indeed, the plaintiff made no attempt to file a grievance with the Chief of Operations or the Executive Director, despite understanding that he had a duty to do so. Accordingly, the plaintiff's claims as against defendant Brown must be dismissed for failure to properly exhaust his administrative remedies. Defendant Brown's motion to dismiss, therefore, is granted.

B. Defendant Hott

Defendant Hott also seeks dismissal of the plaintiff's complaint as against him for failure to exhaust administrative remedies. In response, the plaintiff argues that he utilized the administrative remedies that were available to him concerning his claims against defendant Hott. In particular, the plaintiff asserts that he requested the necessary forms to file a grievance against defendant Hott, but that he was never supplied these forms. Thus, the plaintiff implicitly argues that this Court should either consider his available remedies exhausted, or waive the exhaustion requirement because his inability to properly exhaust was impeded by the staff members.

As the magistrate judge correctly noted in his report and recommendation, a prison's administrative remedies can be rendered "unavailable" for purposes of exhaustion when officials refuse to provide an inmate with required grievance forms. See e.g. Dale v.

Lappin, 376 F.3d 352, 356 (7th Cir. 2004) ("If prison employees refuse to provide inmates with those forms when requested, it is difficult to understand how the inmate has any available remedies."); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) ("The Commonwealth acknowledges that the District Court incorrectly dismissed this claim because it did not consider [the plaintiff's] allegations that he was denied grievance forms"); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under § 1997e, and that [the plaintiff's] allegations raise an inference that he was prevented from utilizing the prison's administrative remedies.").

Here, the plaintiff, under penalty of perjury, submitted a declaration averring that he requested grievance forms to file a grievance against defendant Hott, but that they were refused. In contrast, defendant Hott filed the Affidavit of John L. King, II, Chief of Operations for the West Virginia Regional Jail and Correctional Facility Authority, which states that the plaintiff did not file a grievance to the Chief of Operations or the Executive Director. The plaintiff, however, concedes as much in his reply, and defendant Hott fails to further address the plaintiff's claim that he was prevented from filing a grievance because he was refused grievance forms. Thus, a genuine issue of fact remains with regard to whether the plaintiff has exhausted his claims against defendant Hott.

This Court is not persuaded by defendant Hott's argument in his objections to the magistrate judge's report and recommendation that the plaintiff is disingenuous in his claim that he was refused in his request for a grievance form.  Again, this argument fails to specifically address the plaintiff's argument as to whether he was refused forms, but rather only assumes that because the plaintiff submitted a grievance against defendant Brown, he was obviously not denied forms to submit a grievance against defendant Hott, as well.  This argument lacks merit.  Accordingly, dismissal of the claims against defendant Hott for failure to exhaust is not appropriate at this time, and his motion to dismiss must be denied.

V. Conclusion

For the reasons set forth above, and based upon a de novo review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, defendant Brown's motion to dismiss is GRANTED, and the claims against defendant Brown are DISMISSED WITHOUT PREJUDICE for failure to properly exhaust administrative remedies.  Furthermore, defendant Hott's motion to dismiss is DENIED.  The plaintiff's claims against defendant HOTT shall PROCEED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:      January 8, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE