IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DALE ANTHONY SHOOP,

    Plaintiff,

v.                                         Civil Action No. 5:08CV188
                                                                (STAMP)
CHAD T. HOTT,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING AS PREMATURE DEFENDANT'S SECOND
MOTION TO DISMISS COMPLAINT AND
ALTERNATIVE MOTION FOR SUMMARY JUDGMENT,
GRANTING PLAINTIFF'S MOTION FOR A
CONTINUANCE OF SUMMARY JUDGMENT PROCEEDINGS
AND ORDERING CASE TO PROCEED**

I.   Procedural History

The pro se[1] plaintiff, Dale Anthony Shoop, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that several constitutional violations occurred when he was assaulted by other inmates, denied expeditious medical care, and forced to sleep on the floor in a one-man prison cell.

The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. On February 27, 2009, the magistrate judge issued a report and recommendation recommending that the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

plaintiff's complaint be dismissed in part as to certain defendants, and that the plaintiff's civil action proceed as against other defendants. Accordingly, on April 1, 2009, this Court entered a memorandum opinion and order dismissing with prejudice the claims against defendants Gregory Jenkins, Jesse Jarvis, Mr. Rudloff, and Prime Care Medical.[2] The remaining defendants, Joshua Brown ("Brown") and Chad Hott ("Hott"), were directed to answer the complaint.

Thereafter, defendant Brown and defendant Hott each filed separate motions to dismiss. Magistrate Judge Joel entered a second report and recommendation recommending that defendant Brown's motion to dismiss be granted, and that defendant Hott's motion to dismiss be denied. On January 8, 2010, this Court entered a memorandum opinion and order granting the magistrate judge's report and recommendation in its entirety. Accordingly, the claims against defendant Brown were dismissed with prejudice for failure to properly exhaust administrative remedies. The claims against defendant Hott, however, were ordered to proceed. On January 12, 2010, a first order and notice was entered, and it

---

[2]Defendants Jarvis and Jenkins were dismissed because neither was a state actor for purposes of 42 U.S.C. § 1983 when they assaulted the plaintiff. Defendant Prime Care Medical was dismissed because it was not a "person" for purposes of 42 U.S.C. § 1983, and therefore, not a proper party to this action. Finally, defendant Rudloff was dismissed because the plaintiff failed to state a claim upon which relief could be granted as against this defendant.

2

was ordered that discovery was to be fully served and completed by May 12, 2010.

Defendant Hott then filed a second motion to dismiss complaint and alternative motion for summary judgment on February 1, 2010. The plaintiff filed a response, to which the defendant did not reply. On March 30, 2010, Magistrate Judge Joel entered another report and recommendation recommending that defendant Hott's motion be construed as a motion for summary judgment, that the motion be granted, that defendant Hott be dismissed with prejudice from the case, and that the case be closed and stricken from the court's docket.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed timely objections, as well as a later supplement to his objections.

Following the magistrate judge's report and recommendation, the parties filed several motions, which are now before this Court, including: (1) plaintiff's motion for a continuance of summary judgment proceedings; (2) defendant's motion to withdraw admissions and allow additional time to respond to plaintiff's discovery if court desires additional evidence for its de novo review; and (3) plaintiff's motion to compel discovery responses and for sanctions.

For the reasons set forth below, this Court declines to affirm and adopt the report and recommendation of the magistrate judge. Furthermore, the plaintiff's motion for a continuance of summary judgment proceedings is granted. This Court holds that the remaining two motions are within the province of the magistrate judge to decide as he considers pending discovery matters.

## II. Facts

In his complaint, the plaintiff alleges that three other inmates assaulted him. After this assault, the plaintiff "got on the call box" to contact a corrections officer, and informed him that he was in severe pain and bleeding from his head, to which the officer advised the plaintiff that he was sending a guard to the plaintiff's cell. When no guards arrived, the plaintiff "got back on the call box" and spoke with the corrections officer, who told the plaintiff that the guards were on the way. Between twenty and thirty minutes later, another corrections officer responded to the plaintiff's call. The plaintiff inquired what took him so long to respond, and the officer allegedly claimed that he responded as soon as the need for assistance was reported. The plaintiff was then escorted to the medical unit.

Once in the medical unit, nurses discovered what appeared to be stab or puncture wounds behind the plaintiff's left ear. The plaintiff was transported to the city hospital, where he was examined by a doctor. The doctor determined that the plaintiff had a crack in the lower right side of his back. Thus, the plaintiff

4

was advised that upon his return to jail, he should stay in the medical department for observation and that he should be kept on a bunk.

Thereafter, upon returning to jail, the plaintiff was taken to the medical department and assigned a medical cell. The cell, however, was a one-man cell, and the plaintiff was allegedly told to sleep on the floor. Although the plaintiff complained to defendant Hott, the Prime Care Medical Director, the plaintiff was allegedly told that nothing could be done because the jail was overcrowded.

As a result of these incidents, the plaintiff asserts that his constitutional rights were violated. Specifically, the plaintiff contends that defendant Hott violated his rights by forcing him to sleep on the floor in direct contradiction of doctor orders.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff filed

objections, this Court will review the magistrate judge's report and recommendation de novo.

## IV. Discussion

Defendant Hott argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, that he be granted summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismissed from this action with prejudice. In support of his motion, defendant Hott contends that he was not working the day that the plaintiff was taken to and returned from the hospital. Furthermore, he argues that he has no recollection of any conversations that he had with the plaintiff, but that if any conversation did exist, he would have told the plaintiff that there was nothing that he could do about the sleeping arrangements, but to speak with a physician or mid-level practitioner about acquiring a bed. Finally, defendant Hott states that he was not deliberately indifferent to the plaintiff's medical needs.

The plaintiff argues in response that defendant Hott's motion is improper. Additionally, the plaintiff reiterates his original claims against the defendant. Furthermore, in both his supplement to his objections, as well as his motion for a continuance of summary judgment proceedings, the plaintiff argues that granting the defendant's motion for summary judgment was premature and unduly prejudicial as it disallowed the plaintiff a reasonable opportunity to engage in full discovery.

After a thorough review of the record, this Court finds that it cannot accept the magistrate judge's report and recommendation to grant the defendant's motion for summary judgment. Under 28 U.S.C. § 636(b)(1), a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

Here, the defendant filed his motion to dismiss complaint and alternative motion for summary judgment on February 1, 2010, several months before the discovery deadline of May 12, 2010. Thereafter, on March 30, 2010, before the discovery deadline had passed, with approximately a month and a half left for the completion of discovery, the magistrate judge entered a report and recommendation. Summary judgment, however, generally should only be granted after "adequate time for discovery." Celotex v. Catrett, 477 U.S. 317, 322 (1986). Thus, this Court holds that the defendant's motion to dismiss complaint and alternative motion for summary judgment was premature when filed, and should not have been subsequently granted prior to the completion of discovery. See Pacific Capro Indus. v. Global Advantage Distrib., Inc., 2010 WL 890052 (D.S.C. Mar. 8, 2010). This Court, therefore, cannot accept the report and recommendation of the magistrate judge.

In light of this ruling, the plaintiff's motion for a continuance of summary judgment proceedings is granted. This Court

also finds that the defendant's motion to withdraw admissions and allow additional time to respond to plaintiff's discovery if court desires additional evidence for its de novo review, as well as the plaintiff's motion to compel discovery responses and for sanctions, shall be ruled upon by the magistrate judge as he considers pending discovery matters.

V. Conclusion

For the reasons set forth above, and based upon a de novo review, this Court DECLINES to adopt the report and recommendation of the magistrate judge. Accordingly, the defendant's motion to dismiss complaint and alternative motion for summary judgment is DENIED AS PREMATURE, with leave to refile at the magistrate judge's discretion following the close of discovery. The plaintiff's motion for a continuance of summary judgment proceedings is GRANTED. This action is ordered to PROCEED for the magistrate judge to consider pending discovery disputes and the need for additional discovery, if necessary.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: July 27, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE