IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DALE ANTHONY SHOOP,

    Plaintiff,

v.                                                    Civil Action No. 5:08CV188
                                                                     (STAMP)

CHAD T. HOTT,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING MAGISTRATE JUDGE'S ORDER AND NOTICE
RESETTING DISCOVERY AND SCHEDULING AND
MOOTING THE PARTIES' PENDING DISCOVERY MOTIONS**

I. Background

The pro se[1] plaintiff, Dale Anthony Shoop, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that several constitutional violations occurred when he was assaulted by other inmates, denied expeditious medical care, and forced to sleep on the floor in a one-man prison cell.

The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge has issued a report and recommendation on three separate occasions in this case. The first report and recommendation, issued on February 27, 2009, recommended that the plaintiff's complaint be dismissed in part as to certain defendants. Accordingly, this Court entered a memorandum opinion

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

and order dismissing with prejudice the claims against defendants Gregory Jenkins, Jesse Jarvis, Mr. Rudloff, and Prime Care Medical on April 1, 2009. Thereafter, defendants Brown and Hott each filed separate motions to dismiss.

Magistrate Judge Joel's second report and recommendation recommended that defendant Brown's motion to dismiss be granted, and that defendant Hott's motion to dismiss be denied. On January 8, 2010, this Court entered a memorandum opinion and order granting the magistrate judge's report and recommendation in its entirety. On January 12, 2010, a first order and notice was entered, and it was ordered that discovery was to be fully served and completed by May 12, 2010.

Defendant Hott then filed a second motion to dismiss the complaint and alternative motion for summary judgment on February 1, 2010. Magistrate Judge Joel entered a third report and recommendation recommending that defendant Hott's motion be construed as a motion for summary judgment, that the motion be granted, that defendant Hott be dismissed with prejudice from the case, and that the case be closed and stricken from the court's docket. On July 27, 2010, this Court issued a memorandum opinion and order declining to affirm and adopt the third report and recommendation, denying as premature the defendant's second motion to dismiss the complaint and alternative motion for summary judgment, granting the plaintiff's motion for a continuance of summary judgment proceedings, and ordering the case to proceed.

This Court held that the defendant's motion to dismiss the complaint and alternative motion for summary judgment was premature when filed and should not have been subsequently granted prior to the completion of discovery. Further, this Court found that the defendant's motion to withdraw admissions, as well as the plaintiff's motion to compel discovery responses were within the province of the magistrate judge to decide as he considered pending discovery matters.

In light of this memorandum opinion and order, on July 29, 2010, Magistrate Judge Joel entered an order and notice resetting discovery and scheduling and mooting the parties' pending discovery motions. Because the original discovery period was interrupted and the deadlines had passed, the magistrate judge instructed the parties to resubmit their requests in accordance with the new time frames set forth in the order. The defendant's motion to withdraw admissions and the plaintiff's motion to compel discovery were denied as moot. On August 11, 2010, the plaintiff filed an objection and motion to vacate the magistrate judge's order. For the reasons set forth below, this Court affirms the order of the magistrate judge.

## II. <u>Applicable Law</u>

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there

is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

III. Discussion

The plaintiff objects to the order of the magistrate judge inasmuch as it deems any previous discovery requests or disputes moot. According to the plaintiff, denying his discovery requests as moot is inconsistent with the Federal Rules of Civil Procedure and the local rules of this Court. In support of his objection, the plaintiff argues that his discovery requests were timely and properly served, yet the defendant failed to respond or object within the thirty-day period pursuant to the Federal Rules of Civil Procedure.[2] By "resetting" the discovery period and requiring the

---

[2] The plaintiff's objection references Rule 33, Rule 34, Rule 36, Rule 37 and Rule 56 of the Federal Rules of Civil Procedure. In discussing the defendant's failure to respond to his interrogatories, the plaintiff relies on Rule 33, which provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33. The plaintiff relies on Rule 36 to support his argument that the defendant failed to timely respond to his requests for admissions. Rule 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36.

4

parties to resubmit their discovery requests, the plaintiff claims that the magistrate judge's order will result in undue delay, burden, expense, and prejudice.

As previously noted, this Court reviews the magistrate judge's order according to the "clearly erroneous or contrary to law" standard. This standard requires a district court to affirm the magistrate judge's decision unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Upon reviewing the decision of the magistrate judge, this Court finds no clear error in the magistrate judge's order and notice resetting discovery and scheduling and mooting the parties' pending discovery motions. It is well within the magistrate judge's discretion to extend discovery deadlines and rule on the parties' pending discovery motions, as this Court has referred discovery matters in this case to Magistrate Judge Joel. See LR Civ P 72.01 (stating that prisoner challenges to conditions of confinement filed pursuant to 42 U.S.C. § 1983 are referred to magistrate judges); see also 28 U.S.C. § 636 (stating that a judge may designate a magistrate judge to hear and determine certain pretrial matters pending before the court). The local rules of this Court specifically state that magistrate judges are authorized to exercise general supervision of civil calendars and analyze civil cases to determine an appropriate schedule. LR Civ P 72.01(e).

Clearly, the adjustment of discovery deadlines falls within the magistrate judge's purview. Because the original discovery deadlines set forth in the Court's scheduling order of January 12, 2010 had passed, the magistrate judge's order affords the parties the opportunity under the Federal Rules of Civil Procedure to file and fully respond to discovery requests and dispositive motions. The magistrate judge's order allowing both parties additional time to resubmit discovery requests does not prejudice the plaintiff. This Court finds no clear error in the magistrate judge's decision to vacate the prior scheduling order, instruct the parties to resubmit their discovery requests, and deny the pending discovery requests as moot.

## IV. Conclusion

For the reasons set forth above, this Court AFFIRMS the magistrate judge's order and notice resetting discovery and scheduling and mooting the parties' pending discovery motions.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    December 6, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE