IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DALE ANTHONY SHOOP,

      Plaintiff,

v.                                              Civil Action No. 5:08CV188
                                                              (STAMP)
CHAD T. HOTT,

      Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING PLAINTIFF'S LETTER MOTION FOR
TEMPORARY INJUNCTION AND STAY AND
DENYING PLAINTIFF'S LETTER MOTION
FOR EXTENSION OF TIME TO FILE
OBJECTIONS TO REPORT AND RECOMMENDATION**

I.  Procedural History

The pro se[1] plaintiff, Dale Anthony Shoop, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that several constitutional violations occurred when he was assaulted by other inmates, denied expeditious medical care, and forced to sleep on the floor in a one-man prison cell.

The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A.  The magistrate judge has issued a report and recommendation on four separate occasions in this case.  The first report and recommendation, issued on February 27, 2009, recommended

_____

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

that the plaintiff's complaint be dismissed in part as to certain defendants. Accordingly, this Court entered a memorandum opinion and order dismissing with prejudice the claims against defendants Gregory Jenkins, Jesse Jarvis, Mr. Rudloff, and Prime Care Medical on April 1, 2009. Thereafter, defendants Brown and Hott each filed separate motions to dismiss.

Magistrate Judge Joel's second report and recommendation recommended that defendant Brown's motion to dismiss be granted, and that defendant Hott's motion to dismiss be denied. On January 8, 2010, this Court entered a memorandum opinion and order affirming the magistrate judge's report and recommendation in its entirety. On January 12, 2010, a first order and notice was entered, and it was ordered that discovery was to be fully served and completed by May 12, 2010.

Defendant Hott then filed a second motion to dismiss the complaint and alternative motion for summary judgment on February 1, 2010. Magistrate Judge Joel entered a third report and recommendation recommending that defendant Hott's motion be construed as a motion for summary judgment, that the motion be granted, that defendant Hott be dismissed with prejudice from the case, and that the case be closed and stricken from the court's docket. On July 27, 2010, this Court issued a memorandum opinion and order declining to affirm and adopt the third report and recommendation, denying as premature the defendant's second motion to dismiss the complaint and alternative motion for summary

2

judgment, granting the plaintiff's motion for a continuance of summary judgment proceedings, and ordering the case to proceed. This Court held that the defendant's motion to dismiss the complaint and alternative motion for summary judgment was premature when filed and should not have been subsequently granted prior to the completion of discovery. Further, this Court found that the defendant's motion to withdraw admissions, as well as the plaintiff's motion to compel discovery responses were within the province of the magistrate judge to decide as he considered pending discovery matters.

In light of this memorandum opinion and order, the Magistrate Judge Joel entered an order and notice resetting discovery and scheduling and mooting the parties' pending discovery motions. Because the original discovery period was interrupted and the deadlines had passed, the magistrate judge instructed the parties to resubmit their requests in accordance with the new time frames set forth in the order. The defendant's motion to withdraw admissions and the plaintiff's motion to compel discovery were denied as moot. On August 11, 2010, the plaintiff filed an objection and motion to vacate the magistrate judge's order. This Court later overruled that objection that affirmed the magistrate judge's order and notice resetting discovery and scheduling and mooting the parties' pending discovery motions.

After the parties had been afforded additional time to file and fully respond to discovery requests and dispositive motions,

the defendant filed a third motion for summary judgment. After being granted an extension, the plaintiff filed a response on January 9, 2012. On January 26, 2012, the plaintiff filed a letter motion for a temporary injunction and stay.

On January 31, 2012, Magistrate Judge Joel issued a fourth report and recommendation recommending that the defendant's third motion for summary judgment be granted, that the plaintiff's complaint be dismissed with prejudice, and that the plaintiff's letter motion for a temporary injunction and stay be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation.

On February 17, 2012, the plaintiff filed a motion requesting an extension of time to file objections to the report and recommendation. On February 21, this Court granted that motion and directed the plaintiff to file any objections on or before March 5, 2012.[2] On March 5, 2012, the plaintiff filed another letter motion for an extension of time to file objections. The plaintiff never did file objections to the report and recommendation. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

_____

[2]The Court stated in the February 21, 2012 order that "no additional extensions will likely be granted with regard to the filing of the plaintiff's objections."

4

Further, because the plaintiff has failed to show good cause for an extension of time to file objections to the report and recommendation, this request must be denied.

## II.   <u>Facts</u>

In the complaint, the plaintiff asserts that on September 2, 2007, he was assaulted by three other inmates at the Eastern Regional Jail while asleep on the floor of his cell. As a result of the injuries he received, the plaintiff was examined by the jail's medical staff and sent to an outside hospital. At the hospital, the plaintiff was examined by a doctor and had x-rays taken. According to the plaintiff, he was diagnosed with a "crack in the lower right side of my back." (Compl. 10.) The plaintiff alleges that the doctor told him that when he returned to jail, he should be kept in the medical department in a bunk, not on the floor, due to the severity of his injuries.

When the plaintiff returned to the Eastern Regional Jail, he claims that he was taken to the medical department and placed in a medical cell with another inmate and told to sleep on the floor. The plaintiff allegedly complained to defendant Hott about being forced to sleep on the floor and repeated the doctor's orders for him to sleep on a bunk. Hott allegedly informed the plaintiff that because the jail was overcrowded, a bunk was not available for him. For relief, the plaintiff seeks $1,000,000.00 for punitive damages, negligence, malice, liability, and deliberate indifference. In addition, he seeks a court order for medical treatment and

monitoring of his injury with adequate and sufficient relief for
ongoing pain and suffering due to a permanent back injury.

III.   <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct
a <u>de novo</u> review of any portion of the magistrate judge's
recommendation to which objection is timely made. However, failure
to file objections to the magistrate judge's proposed findings and
recommendations permits the district court to review the
recommendation under the standards that the district court believes
are appropriate and, under these circumstances, the parties' right
to <u>de novo</u> review is waived. See <u>Webb v. Califano</u>, 468 F. Supp.
825 (E.D. Cal. 1979). Because the plaintiff did not file
objections, this Court reviews the report and recommendation of the
magistrate judge for clear error.

IV.   <u>Discussion</u>

In support of his third motion for summary judgment, the
defendant argues: (1) the plaintiff's claim does not meet the legal
threshold for a viable Eighth Amendment or Fourteenth Amendment
claim; and (2) he is entitled to qualified immunity because he was
providing health care services to the plaintiff and acting under
the color of state law.

In response, the plaintiff argues that pursuant to 95 C.S.R.
8.9(d), pretrial detainees are entitled to "a bed above floor

level."[3]   Accordingly, the plaintiff requests that the Court find that he has a statutory right and a constitutional due process right to a bed above floor level.  In support of this argument, the plaintiff cites multiple cases which he claims condemn the practice of forcing pre-trial detainees to sleep on the floor.  Further, the plaintiff argues that the Court must resolve the issue of whether the law gave defendant Hott fair warning that his conduct in assigning the plaintiff to a floor mattress violated state and federal law.  With regard to qualified immunity, the plaintiff argues that Hott violated his clearly established statutory rights by assigning him to a floor mattress.  According to the plaintiff, Hott was intentionally ignorant or willfully blind to his lawful obligations.  Moreover, the plaintiff argues that qualified immunity does not protect private parties who act under color of state law.

A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A medical condition is serious in two circumstances.  First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care.   Gaudreault v.

---

[3]The plaintiff refers to the West Virginia Code of State Rules, Title 95, which discusses the jail and prison standards commission.

Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990),
cert. denied, 500 U.S. 956 (1991).  Second, a medical condition is
serious if a delay in treatment causes a lifelong handicap or
permanent loss.  Monmouth County Corr. Inst. Inmates v. Lanzaro,
834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006
(1988).

          Moreover, to succeed on an Eighth Amendment "cruel and unusual
punishment" claim, a prisoner must prove the following elements:
(1) the deprivation of a basic human need was objectively
"sufficiently serious"; and (2) the prison official subjectively
acted with a "sufficiently culpable state of mind."  Wilson v.
Seiter, 501 U.S. 294, 298 (1991).  This second subjective component
is satisfied when the prison official acts with deliberate
indifference.  Id. at 303.  In Miltier v. Beorn, 896 F.2d 848, 851
(4th Cir. 1990), the court held that "[t]o establish that a health
care provider's actions constitute deliberate indifference to a
serious medical need, the treatment must be so grossly incompetent,
inadequate, or excessive as to shock the conscience or to be
intolerable to fundamental fairness."

          In this case, Magistrate Judge Joel recommends that the Eighth
Amendment claim against defendant Hott be dismissed because the
plaintiff cannot satisfy the subjective element of Wilson.  This
Court agrees with the magistrate judge that the discharge
instructions of the treating emergency physician indicate that the
plaintiff did not suffer a serious medical injury.  However, even

assuming that the plaintiff's injury was sufficiently serious to meet the first prong of the Wilson test, it is clear that Hott did not act with a sufficiently culpable state of mind.

The plaintiff's complaint argues that Hott violated his constitutional rights by making him sleep on the floor rather than in a bunk as directed by the treating emergency physician. The report and recommendation sets forth the pertinent discharge instructions from the hospital, which instruct the patient to "rest in bed for a few days until the pain eases" and states that "[b]ed rest is best." As the magistrate judge explains, however, the physician's recommendation of "bed rest," cannot be construed as a mandate that the plaintiff rest in an actual bed.

Even if the emergency room doctor had intended the plaintiff to rest in a conventional bed or hospital bed, the Eastern Regional Jail has neither, and Hott did not have the authority to request one. Significantly, the undisputed facts show that a mattress on the concrete floor of the cell -- the sleeping arrangement provided to the plaintiff -- is the functional equivalent to a mattress on a hard, metal bunk -- the only other option available at the Eastern Regional Jail. Further, as the magistrate judge explains, defendant Hott cannot be held responsible for the overcrowding at the Eastern Regional Jail, which is the reason that the plaintiff slept on a mattress on the floor. This Court finds no clear error in the magistrate judge's conclusion that there are no genuine issues of material fact in dispute which could establish that Hott

was deliberately indifferent to the plaintiff's serious medical needs. See Vanhoose v. Ferguson, No. 3:00-0200, 2002 WL 32366028 (S.D. W. Va. Mar. 29, 2002) (stating that an individual's right to have relevant state laws strictly obeyed is not a federal right protected by the constitution, and the mere violation of Title 95 or other rules and regulations of the State of West Virginia does not establish a right to relief) (quoting Smith v. O'Connor, 901 F. Supp. 644, 647-48 (S.D. N.Y. 1995)).

In his January 26, 2012 letter motion for a temporary injunction and stay, the plaintiff requests a temporary injunction so that he can continue to work on his case. The plaintiff indicates that fellow inmate Lance Levitt has been helping with the preparation of his legal documents and research, but that Mr. Levitt was unable to finish a certain pleading because the plaintiff did not have the proper paperwork or adequate time.

In The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-47 (4th Cir. 2009), the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a preliminary injunction should issue. The four factors that the plaintiff must establish to obtain a preliminary injunction under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

<u>Id.</u> at 346 (citing <u>Winter v. Natural Resources Defense Council,</u> <u>Inc.</u>, 129 S. Ct. 365, 374 (2008)).  After explaining the relevant test for granting a preliminary injunction, the magistrate judge concludes that the plaintiff fails to satisfy the first factor because his complaint is due to be dismissed for failure to state a claim.  This Court concurs that the plaintiff can tender no additional argument that would alter the conclusion that his complaint must be dismissed for failure to state a claim.

With respect to the plaintiff's request for a stay, the magistrate judge notes that this case has been on the Court's docket since December 29, 2008.  The plaintiff has been given a significant amount of time to respond to the defendant's third motion to dismiss, as well as an extension of time in which to file objections to the report and recommendation, which he failed to do. Thus, this Court finds no clear error in the magistrate judge's determination that a stay is unnecessary.

## V. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the defendant's third motion for summary judgment (ECF No. 128) is GRANTED, the plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE, the plaintiff's letter motion for a

11

temporary injunction and stay (ECF No. 137) is DENIED, and the plaintiff's letter motion for an extension of time to file objections (ECF No. 143) is DENIED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 7, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE